PHILLIP MAXEY ET AL. *v.* F. L. WALLHATT'S EXRS. ET AL.

F. L. WALLHATT'S EXRS. *v.* J. W. WALLHATT ET AL.

**Claims Against Executors—Statute of Limitations.**

> An executor is not compelled to plead the statute of limitations, even if such a defense can be made; and where he pays a claim justly due, a claimant can not be required to refund the money.

APPEAL FROM HART CIRCUIT COURT.

February 8, 1881.

OPINION BY JUDGE PRYOR:

The executors in this case, acting in the best of faith, paid to the surviving partners the balance due each on a settlement of the partnership transactions, and having made the payment, which was allowed as a credit on the settlement of their accounts, the chancellor should have been satisfied of the injustice of the claims before disturbing the settlement made by the county judge. The affidavits of the partners based on the partnership books with a settlement made with one of the executors show that the allowance by the county judge of these claims was proper, and we see no room to question their right to it.

Maxey's claim is proved by young Wallhatt, and the latter's claim by Maxey, and all based on the partnership books and entries made therein. There is no evidence against the validity of these claims, and if partners are not allowed to establish their claims in this way it would be difficult to settle a partnership after the death of one of the partners. The executors were not compelled to plead the statute

of limitations, even if such a defense could have been made, and having paid claims that were justly due there was no reason requiring them to refund the money.

On the appeal of the surviving partners it appears in that case they were made to refund after settlement had with the executors, and the sworn statements of the latter in their pleadings, at least show that their claims were just. The judgment in each case is erroneous. On a petition for rehearing these cases have again been considered, and after a submission for several months this court will not disturb the judgment here to enable parties to file briefs.

The case below was evidently instituted on the ground that the claims were unjust. This is not a proceeding between the personal representative and the creditor, but a proceeding attacking a settlement passed on and approved by a tribunal with full authority to settle these questions; and when the claim is just and has been paid, as in the case here, the executor, before he is made to refund, should be required to have his vouchers verified.

Upon the return of the cause upon the proper affidavits made by the creditor the claim should be allowed. The case of Maxey v. F. L. Wallhatt's Exrs. is *reversed,* with directions to dismiss the proceedings, and the case of F. L. Wallhatt's Exrs. v. J. W. Wallhatt is *reversed* and remanded for further proceedings.

*I. T. Woodson, W. B. Harrison, for Phillip Maxey.*

*Lewis & Porter, for F. L. Wallhatt's Exrs.*

*W. H. Chelf, for J. W. Wallhatt.*